IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dennis Pelczynski, David Black, Michael Anderson, and Rhodes Coman, ) ) ) ) Plaintiffs, ) ) v. ) ) Orange Lake Country Club, Inc., ) ) Defendant. ) ) | Civil Action No.: 4:11-cv-01829-RBH  **ORDER** |

This matter is before the Court after Defendant, Orange Lake Country Club, Inc., filed its motion to dismiss Plaintiffs' complaint as moot. Moreover, Plaintiffs filed a motion for conditional certification of a collective action, as well as a motion for leave to file an amended complaint. After reviewing the parties' motions and briefs, the Court dispenses with oral arguments,[1] and denies Defendant's motion to dismiss, denies Plaintiffs' motion for conditional certification, and grants Plaintiffs' motion to amend its complaint.

**Factual Background and Procedural History**

Plaintiffs Dennis Pelczynski, David Black, Michael Anderson, and Rhodes Coman filed this action against Defendant pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 to 219 ("FLSA"). Plaintiffs were timeshare salesmen for Defendant in Myrtle Beach, South Carolina, and their duties included giving prospective buyers tours of the properties and obtaining contracts. They were compensated primarily by commission; however, they were guaranteed a "draw" pay of $10

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The Court finds a hearing is not necessary.

an hour.[2]  In their complaint, they allege Defendant had a policy of not paying them overtime pay, even though it was aware they worked overtime hours.  They seek a collective action and payment of overtime wages, liquidated damages under the FLSA, and attorney's fees and costs.

Defendant filed a motion to dismiss Plaintiffs' complaint based on an offer of judgment it made to each plaintiff pursuant to Rule 68 of the Federal Rules of Civil Procedure.[3]  Specifically, they argue the offer mooted the action.  Defendant kept the offer open for fourteen days; however, Plaintiffs did not accept the offer and proceeded to challenge the sufficiency of the offer in their response to Defendant's motion to dismiss.

Plaintiffs subsequently filed a motion to conditionally certify a collective action to include plaintiffs similarly situated to them.  Included with their motion were affidavits from Plaintiffs to support their allegations that Defendant had them work off the clock or adjust their timecards to avoid a record of overtime work.  Each plaintiff attested to a general estimate of time they worked off the clock; Pelczynski, for example, claimed to have worked up to sixty hours some weeks.  The motion also included affidavits from other employees of Defendant to support their allegations that there are others who are similarly situated under Defendant's policy.

Defendant responded to Plaintiffs' motion, contending the action was not appropriate for conditional certification as a collective action.  Primarily, Defendant argues the claims of each plaintiff and potential plaintiff would require too much of an individualized fact-finding and affect

---

[2] Plaintiffs were paid based on a complex "chargeback" calculation, accounting both for sales and for hours worked.  If Plaintiffs' commissions did not exceed the hourly draw amount for the week, they were guaranteed the latter.  Any amount Defendant had to pay to meet the draw amount would be deducted from future commissions.  Plaintiffs, who were non-exempt employees under the FLSA, were thus ensured payment in compliance with the FLSA, at least in theory.  Commissions earned, however, were charged back if buyers failed to make payments to Defendant.

[3] Defendant offered each Plaintiff a sum that included, according to an audit it performed, the amount of wages owed (equal to the amount already offered in a previous letter), liquidated damages equaling the wages owed, and a lump sum of $500 for attorney's fees, costs, and interest.

the manageability of the collective action. It points to evidence that many potential plaintiffs accepted payments after an audit as adequate, cashing the check and returning a signed acknowledgment form that indicated the recipient received "all past wages owed" by Defendant.

Plaintiffs also filed a motion to amend their complaint, adding three new plaintiffs, another defendant, and an additional claim alleging Defendant's failure to pay a minimum wage, also in violation of the FLSA. Defendant did not respond to Plaintiffs' motion. The Court addresses each of these motions in turn.

## Discussion

### 1. *Motion to Dismiss*

Defendant moves to dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing a case or controversy no longer exists because it offered Plaintiffs the relief they were seeking under the FLSA. The Court disagrees.

Rule 68(a) provides a procedure for a defendant to offer a plaintiff a judgment prior to trial. The purpose of the rule is to encourage settlement of claims. *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 764 (4th Cir. 2011). That encouragement comes in the form of costs that may be awarded against the plaintiff if a judgment after trial falls short of the defendant's previous offer. Fed. R. Civ. P. 68(d).

Offers of judgment that clearly meet the demands of a plaintiff will moot a case and ultimately require dismissal. The Fourth Circuit has validated this tactic in the class action context, noting an offer of the full amount of damages claimed by a plaintiff had the effect of negating the plaintiff's personal stake in the outcome of the case. *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986). More recently, the Fourth Circuit considered the Rule 68 offer of judgment in the FLSA collective action context. *Simmons*, 634 F.3d 754. In *Simmons*, the court reviewed the district

3

court's dismissal of an FLSA claim as moot, finding that the district court erred in dismissing the claim because the offer of judgment did not conform to the requirements of Rule 68. *Id.* at 767. In other words, the defendants there did not make a Rule 68 offer. Specifically, the offer (1) was for an ambiguous amount to be determined after the plaintiffs submitted affidavits and (2) was contingent on the plaintiffs' agreement to a confidential settlement. *Id.*

While *Simmons* does not explicitly affirm the use of a Rule 68 offer of judgment to moot FLSA claims seeking collective action certification, the Fourth Circuit's position is clear— especially in light of *Zimmerman*. *See Simmons*, 634 F.3d at 766 ("In sum, the failure of the Defendants to make their attempted offer for full relief in the form of an offer of judgment prevented the mooting of the Plaintiffs' FLSA claims."). Plaintiffs rely on *Simmons*, arguing in response that an offer of judgment will not moot an action unless it provides the full relief sought by the plaintiff. Defendant, however, replies that *Simmons* is silent on the issue of adequacy. Instead, Defendant contends, the Fourth Circuit rejected the offer in *Simmons* largely because it was not a Rule 68 offer.

In its brief, Defendant cites various orders from federal district courts around the country dismissing actions under the FLSA that were mooted by offers of judgment. The Court's review of those cases reveals two categories of cases where an offer of judgment that was not accepted by the plaintiff rendered the action moot. The first line of cases involve offers that, although not accepted by the plaintiff, were never disputed on the basis the offer was insufficient. *See, e.g.*, *Louisdor v. Am. Telecomms., Inc.*, 540 F. Supp. 2d 368, 374 (E.D.N.Y. 2008) (finding action moot where "offer equal[ed] the maximum amount Plaintiff could receive at trial trial, and no other plaintiffs have opted to join in [the] suit."). The second category consists of cases in which the offer was disputed but the plaintiff failed to provide evidentiary support to show the offer was insufficient. *See, e.g.*,

4

*Ward v. Bank of N.Y.*, 455 F. Supp. 2d 262 (S.D.N.Y. 2006) ("If [a plaintiff] cannot demonstrate the [the] offer . . . fails to fully satisfy her claim, [the defendant's motion to dismiss must prevail."). These cases all point to the conclusion that a plaintiff with evidentiary support can challenge the adequacy of an offer of judgment and prevent the action from being deemed moot. *See id.* at 267-68 (proving examples of cases where a district court denied a motion to dismiss "where the offer is not comprehensive, or where the amount due to plaintiff is disputed").

Given these cases, the Court turns to Plaintiffs' response to Defendants motion. Plaintiffs were each offered judgments that reflected amounts allegedly owed to them by Defendant. The amounts, however, were calculated by Defendant, and Defendant has not indicated how it arrived at the sums.

Plaintiffs, on the other hand, provided affidavits that dispute the amount of hours they each worked. Accepting the allegations of Plaintiffs in their complaint as true—that Plaintiffs worked overtime and off the clock—the Court cannot see how Defendant, in calculating the sums of their offer, could feasibly (and unilaterally) determine the amount of unrecorded overtime that was worked by each plaintiff. The parties agree that Plaintiffs are not exempt under the FLSA and were guaranteed a "draw" of at least $10 an hour. However, here, Plaintiffs allege there is not a complete and accurate record of overtime worked.

The Court finds the affidavits provided by Plaintiffs go to the heart of Plaintiffs' claims, creating a dispute as to the amount of hours worked.[4] While Plaintiffs' calculations may ultimately

---

[4] In reply, Defendant contends the affidavit of Plaintiff Pelczynski should be disregarded because of contradictions in the amounts of overtime hours worked. The Court does not find this argument persuasive. Pelczynski claims to have worked "as much as (60) sixty hours per week" *and* to have regularly worked approximately two hours a day after he clocked out. Defendant, apparently assuming Pelczynski only worked five eight-hour days a week on the clock, asks the Court to ignore his claims because of a ten-hour discrepancy. But Pelczynski also notes his workday often lasted

5

be proven incorrect, they give enough of an evidentiary basis to indicate that a case or controversy remains at this stage of the litigation. Indeed, Plaintiffs admit that they need access to Defendant's records in order to make a better determination. Therefore, the Court denies Defendant's motion to dismiss.[5]

### 2. *Motion for Conditional Certification of a Collective Action*

Plaintiffs seek to certify a collective action for a class defined as follows:

> All current and former timeshare sales agents, sales consultants, or equivalent titles, employed by Orange Lake Country Club, Inc., or OLCC South Carolina LLC (collectively, "OLCC") between July 27, 2008 and the present who sold interests in timeshare properties to OLCC's customers at OLCC's location in Myrtle Beach South Carolina.

Pls'. Mot. for Conditional Certification 1, ECF No. 25. For the following reasons, the Court declines to do so.

Conditional certification of a collective action under the FLSA is governed by 29 U.S.C. § 216(b).[6] The § 216(b) collective action was created by Congress to provide plaintiffs with "the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (interpreting § 216(b) as incorporated in the Age

---

from 8 a.m. until 7 p.m., and there is no evidence he did not work more than five days a week. In other words, Pelczynski's claims are not so implausible that they should be disregarded.

[5] The parties also raise the issue of whether a FLSA action can be mooted in light of a motion to conditionally certify a collective action. Because the Court finds the Plaintiffs' have properly disputed the adequacy of the offer of judgment and that the action is not moot, it need not reach an issue that the parties admit is novel in the Fourth Circuit.

[6] The statute, in pertinent part, reads as follows:
> An action to recover [under the FLSA] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Discrimination in Employment Act). The Supreme Court has emphasized that the goal of § 216(b) is efficiency, and that a court has "a managerial responsibility . . . to assure that the [joinder of additional parties] is accomplished in an efficient and proper way." *Id.* at 170-71; *see also Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 147 (4th Cir. 1992) (holding that a decision denying certification of a collective action is reviewed for an abuse of discretion).

The procedure to certify a collective action has evolved into a two-stage process. *Purdham v. Fairfax Cnty. Pub. Sch.*, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009). First, a plaintiff seeks conditional certification by the district court in order to provide notice to potential similarly situated plaintiffs. *Id.* At this "notice" stage, the standard is lenient—generally discovery has not yet begun and a district court only has a plaintiff's allegations and affidavits to look to. *Id.* at 548. The Court must examine the pleadings and affidavits in order to determine whether the plaintiffs are sufficiently similarly situated. *Id.* at 547. A conditional certification allows notice to be given to the similarly situated plaintiffs, so they can opt-in to the collective action. *Id.* The standards of Rule 23 of the Federal Rules of Civil Procedure are inapplicable to § 216(b) collective actions. *Castillo v. P & R Enters., Inc.*, 517 F. Supp. 2d 440, 444 (D.D.C. 2007).

Second, after the plaintiffs are identified and notified, and discovery is conducted, a defendant may then move to decertify the collective action, pointing to a more developed record to support its contention that the plaintiffs are not similarly situated to the extent that a collective action would be the appropriate vehicle for relief. *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2011). At this "decertification" stage, a district court must apply a more stringent standard, and the plaintiff maintains the burden of showing the plaintiffs are similarly situated. *Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 886 (D. Md. 2011). When the evidence presented at the notice stage clearly shows that notice is inappropriate, "a court can

collapse the two stages of the analysis and deny certification outright." *Purdam*, 629 F. Supp. 2d at 547.

Plaintiffs must show "some identifiable factual nexus which binds the named plaintiffs and the potential class members together." *Heagney v. Eur. Am. Bank*, 122 F.R.D. 125, 127 (4th Cir. 1988). "[E]vidence that other similarly situated individuals desire to opt in to the litigation," therefore, is required. *Purdham*, 629 F. Supp. 2d at 548. Also, whether the plaintiffs "were victims of a common policy or plan that violated the law" is a key factor to consider. *Id.*; *see also MacGregor v. Farmers Ins. Exch.*, No. 2:10-cv-03088, 2011 WL 2981466 (D.S.C. July 22, 2011) (involving allegations of an "unwritten policy").

The Fourth Circuit has not adequately defined "similarly situated" in the FLSA collective action context; however, numerous district courts within the circuit have. *De Luna-Guerrero v. The N.C. Grower's Ass'n*, 338 F.Supp.2d 649, 654 (E.D.N.C. 2004).

> "Similarly situated" in this context means similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined. In FLSA actions, persons who are similarly situated to the plaintiffs must raise a similar legal issue as to coverage, exemption, or nonpayment *or minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements or pay provisions*, but their situations need not be identical. Differences as to time actually worked, wages actually due and hours involved are, of course, not significant to this determination.

*Id.* (quoting Kearns, *The Fair Labor Standards Act*, § 18.IV.D.3) (emphasis added); *see also Hoffmann-La Roche*, 493 U.S. at 170 ("The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity."). Moreover, in determining whether to decertify a collective action, courts will consider the following factors: " '(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each

8

plaintiff; and (3) fairness and procedural considerations.' " *Rawls*, 244 F.R.D. at 300 (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 996 F.Supp. 1071, 1081 (D. Kan. 1998)).  While the question of decertification is not before the Court, the factors are relevant in assessing the evidence in order to determine whether to deny certification outright.

In addition to the allegations in their complaint, Plaintiffs refer to the same affidavits they used to dispute Defendant's motion to dismiss, discussed above.  They also include affidavits from two additional employees (Marc Nichols and Daniel Schmidt) of Defendant to represent the existence of other potential similarly situated plaintiffs. ECF Nos. 25-5 & 25-6. Defendant, in turn, submitted an affidavit from Michael J. Campbell Jr., which incorporated several employment documents. ECF No. 31-1.

After reviewing the parties' arguments, allegations, and supporting affidavits, the Court finds—even at this notice stage—that certification of the collective action would be inappropriate. Plaintiffs, indeed, have alleged (and shown some evidence of) sufficient claims under the FLSA. However, the Court, in its discretion, recognizes the manageability problems of the collective action proposed by Plaintiffs.  In short, the Court sees no benefit to a collective action, especially in light of the limited class of members Plaintiffs seek to notify.

Particularly, the Court is convinced that it must eventually conduct an individualized assessment of each of Plaintiffs' claims.[7]  As noted above, the heart of this case is a dispute of the amount of overtime hours worked, and again, assuming the Plaintiffs' allegations are true, there is

---

[7] The Court notes the following reasons provided by Defendant in its brief: "Plaintiffs were employed by Defendant during different time periods, seek hugely disparate amounts of overtime, and, even among their individual claims, seek different amounts of overtime for different periods of employment." Def.'s Resp. in Opp'n 9-10, ECF No. 3.  "[D]etermining whether any particular Plaintiff is owed any additional overtime in any particular week will require a week-by-week and Plaintiff-by-Plaintiff calculation that takes into account not only the hours actually worked but also the wages earned that week, including any commissions and bonuses." *Id.* at 11-12.

9

likely no record of the hours to make the appropriate findings with any ease. Testimony from the parties would be required in order to determine the overtime hours worked for each individual plaintiff, and the likelihood of dispute would require individualized credibility assessments by the fact-finder.

Furthermore, many potential plaintiffs have already indicated, according to Defendant, that they received adequate compensation after Defendant performed its audit. Some signed an acknowledgment form admitting receipt of all pay owed while others simply cashed their checks without returning the form. These admissions will likely work against the putative plaintiffs, requiring additional evidence to overcome credibility deficiencies and may possibly lead to different defenses. Given these issues—as well as the relatively small amount of class members Plaintiffs seek to notify—the Court finds no reason to conditionally certify this collective action. The goals of the § 216(b) collective action, as expressed by the Supreme Court in *Hoffmann-La Roche*, are not served here. At best, a collective action would present the same manageability difficulties that separate actions would. Plaintiffs' motion for conditional certification, therefore, is denied.

### 3. *Motion to Amend the Complaint*

Plaintiffs also move for leave to amend their complaint to add Marc Nichols, Daniel Schmidt, and John Vinson as plaintiffs, to add a second defendant, OLCC South Carolina, LLC, and to add an additional claim alleging Defendants' failure to pay a minimum wage.[8]  Although

---

[8] Although Plaintiffs' motion to amend the complaint was filed before they filed their motion to conditionally certify the collective action, the motion to certify, pursuant to an order of this Court, only related to Plaintiffs' initial claim that Defendant failed to pay overtime wages. Thus, the Court's decision not to certify the collective action does not affect Plaintiffs' minimum wage claim.

10

Plaintiffs indicate the motion is opposed by Defendants, no response in opposition to the motion was ever filed.[9] Mot. for Leave, ECF No. 23.

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits the amendment of a complaint "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Here, Plaintiffs seek the Court's leave to amend their complaint before Defendants have filed a responsive pleading. Moreover, the two-year statute of limitations period for filing claims under the FLSA has the potential to bar the new plaintiffs' recovery if leave is not granted. *See* 29 U.S.C. §§ 255(a), 256. Considering Rule 15(a)(2)'s liberal standard, the Court finds justice is served in granting Plaintiffs' motion for leave.

## Conclusion

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss is **DENIED**, Plaintiffs' motion for conditional certification of a collective action is **DENIED**, and Plaintiffs' motion for leave to amend their complaint is **GRANTED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

July 12, 2012
Florence, South Carolina

---

[9] In its motion to dismiss, Defendant points out that OLCC South Carolina, LLC is the proper defendant. Mot. to Dismiss 1 n.1, ECF No. 8-1. However, Plaintiff argues both Orange Lake County Club, Inc. and OLCC South Carolina, LLC are likely jointly liable. Mot. for Leave 3-4, ECF No. 23.