IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dennis Pelczynski, David Black, Michael Anderson, Rhodes Coman, Marc Nichols, Daniel Schmidt, and John Vinson, <br><br>       Plaintiffs, <br><br> v. <br><br> Orange Lake Country Club, Inc., and OLCC South Carolina, LLC, <br><br>       Defendants. | Civil Action No.: 4:11-cv-01829-RBH <br><br> **ORDER** |

This matter is before the Court after Plaintiffs Dennis Pelczynski, David Black, Michael Anderson, Rhodes Coman, Marc Nichols, Daniel Schmidt, and John Vinson filed a motion for leave to file a second amended complaint. Furthermore, Defendants Orange Lake Country Club, Inc. ("Orange Lake") and OLCC South Carolina, LLC ("OLCC") filed motions to strike portions of Plaintiffs' first amended complaint and to drop or sever Plaintiffs' claims. After reviewing the parties' motions and briefs, the Court dispenses with oral arguments,[1] denies Plaintiffs' motion for leave to amend their complaint, and denies Defendants' motions to strike and to drop or sever.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Dennis Pelczynski, David Black, Michael Anderson, and Rhodes Coman filed this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 to 219 ("FLSA"). Plaintiffs were timeshare salesmen for Defendants in Myrtle Beach, South Carolina, and their duties included giving prospective buyers tours of the properties and obtaining contracts. They were

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The Court finds a hearing is not necessary.

compensated primarily by commission; however, they were guaranteed a "draw" pay of $10 an hour.[2]  In their amended complaint, they allege Defendants had a practice of not paying them overtime pay, even though it was aware they worked overtime hours, and not paying them a minimum wage, as a result of Defendants' complex payment scheme.  They seek a collective action on behalf of similarly situated plaintiffs and payment of unpaid overtime and minimum wages, liquidated damages under the FLSA, and attorney's fees and costs. Am. Compl., ECF No. 44.

In January 2012, Plaintiffs filed a motion for conditional certification of a collective action; however, the Court denied their motion in on July 12, 2012, finding that Plaintiffs were not similarly situated due to the many factual discrepancies between each Plaintiff—including the amount of alleged overtime each Plaintiff worked for Defendants—that would lead to individualized assessments of each Plaintiff's claim.[3]  Moreover, given the limited size of the putative class of opt-in plaintiffs, court-facilitated notice was unnecessary. July 12, 2012 Order, ECF No. 33.  Plaintiffs also filed a motion for leave to amend their complaint, adding three new plaintiffs (Marc Nichols, Daniel Schmidt, and John Vinson), another defendant (OLCC South Carolina, LLC), and an additional claim alleging Defendants' failure to pay a minimum wage, also in violation of the FLSA.  Defendants did not respond to Plaintiffs' motion, and the Court granted it in the same order that denied conditional certification. *Id.*

---

[2] Plaintiffs were paid based on a complex "chargeback" calculation, accounting both for sales and for hours worked.  If Plaintiffs' commissions did not exceed the hourly draw amount for the week, they were guaranteed the latter.  Any amount Defendants had to pay to meet the draw amount would be deducted from future commissions.  Plaintiffs, who were non-exempt employees under the FLSA, were thus ensured payment in compliance with the FLSA, at least in theory.  Commissions earned, however, were charged back if buyers failed to make payments to Defendants.

[3] As a result of the Court's text order of January 20, 2012, Plaintiffs' motion for conditional certification of a collective action concerned only the allegations of the initial complaint. ECF No. 30.  The overtime wage claim was the only cause of action in the initial complaint.

On July 18, 2012, the seven Plaintiffs now joined in the action moved for leave to amend the complaint a second time. Mot. to Amend., ECF No. 35. This time, they seek to add eight more plaintiffs, and Defendants now oppose the amendment. Also before the Court are Defendants' motion to strike Plaintiffs' collective action allegations in light of the Court's previous ruling denying Plaintiffs' motion for conditional certification, as well as Defendants' motion to drop or sever the existing Plaintiffs on the ground that they are improperly joined pursuant to Rule 20(a) of the Federal Rules of Civil Procedure. Mot. to Strike, ECF No. 47. The Court addresses each of these motions in turn.

## DISCUSSION

*I.     Plaintiffs' Second Motion for Leave to Amend the Complaint*

Plaintiffs now move the second time for leave to amend their complaint, seeking, this time, to add eight new plaintiffs: Randy Bright, Vincent Thompson, Randilyn Cameron-Moxhet, Wanda George, Thomas Martin III, Jennifer Crawford, Angela Woodward, and Archie Lambert. Unlike with Plaintiffs' previous motion to amend, Defendants filed a response brief in opposition. In their response, Defendants argue that allowing Plaintiffs to amend their complaint would violate Rule 20(a) and would prejudice Defendants by forcing them "to incur significantly greater litigation costs." Defs.' Memo. in Opp'n 9, ECF No. 38.

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits the amendment of a complaint "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, "a court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001); *see also United States ex rel. Wilson v. Kellogg Brown*

*& Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Specifically, Rule 20(a) permits the liberal and permissive joinder of parties in federal litigation. Fed. R. Civ. P. 20(a)(1).

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

*Id.*

Defendants contend that the claims of each proposed plaintiff do not arise out of the "same transaction, occurrence, or series of transactions or occurrences." In support of their argument, they point to the Court's July 27, 2012 order denying Plaintiffs' motion for conditional certification of a collective action, and they maintain that the Court's finding that Plaintiffs were not so similarly situated as to justify a conditional certification bars a finding that Plaintiffs' claims are properly joined under Rule 20(a). *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). Indeed, this Court found, based on affidavits submitted by the parties, that there was no reason to conditionally certify a collective action under 29 U.S.C. § 216(b) because the claims of each Plaintiff and putative opt-in plaintiff would likely require the Court to conduct too much of an individualized assessment. Moreover, the manageability issues stemming from a collective action in relation to separate actions did not merit court-facilitated notice to the putative opt-in plaintiffs—especially given the limited size of the class proposed by Plaintiffs. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989).

Some overlapping factual and legal questions concerning each Plaintiff and each proposed plaintiff arise here (an alleged general practice of altering records, for example). But, in light of the affidavits previously filed by the parties, the Court finds that the claims of the additional plaintiffs proposed in the second amended complaint do not arise "out of the same transaction, occurrence, or

4

series of transactions or occurrences."[4] *Cf. Hoffman-La Roche*, 493 U.S. at 181 (Scalia, J., dissenting) ("Section 216 no more *directs* a single action in [FLSA] litigation than Rule 20 (permissive joinder) *directs* a single action in all other litigation. Both provisions *permit* (in the words of Rule 20) that persons may 'join in one action as plaintiffs [who] assert [a] right to relief . . . in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if the question of law or fact common to all this persons will arise in the action.' "). As this Court has previously noted, the allegations of Plaintiffs' complaint show that "the heart of this case is a dispute of the amount of overtime hours worked" by each Plaintiff. July 12, 2012 Order 9. Furthermore, the first amended complaint and proposed second amended complaint, which add a cause of action for Defendants' alleged failure to a pay minimum wage, complicate the factual questions even more.[5]

---

[4] Plaintiffs cite two Fourth Circuit opinions to support their argument that their claims arise "out of the same transaction, occurrence, or series of transactions or occurrences." In *Hinson*, the Fourth Circuit found that, although "the factual circumstances of each transaction differed," it could not "say that it was an abuse of discretion for the district court to have permitted the joinder." 239 F.3d at 618. Similarly, in *Duke v. Uniroyal, Inc.*, 928 F.2d 1413 (4th Cir. 1991), the Fourth Circuit found that it was not an abuse of discretion for a district court to deny a motion to sever the plaintiffs for separate trials despite "a broad variation of circumstances relating to the merits of the individual performances of each of the plaintiffs." These cases, however, can be adequately distinguished. *Hinson* involved transactions that, although separate, were nearly identical in fact. In *Duke*, there was a finding that "a single reduction in force" constituted the same transaction. Here, assuming Plaintiffs' allegations are true, the mere complexity of Defendants' pay scheme highlights the individualized assessments the factfinder must make regarding each Plaintiff's overtime and minimum wage claims. *Hinson* and *Duke*, moreover, confirm a district court's discretion in considering questions under Rule 20(a), and this Court is convinced joinder of the eight new plaintiffs under Rule 20(a) would not necessarily "promote judicial economy." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1653 (3d ed. 2001); *see also Saval v. BL Ltd.*, 710 F.2d 1027, 1031-32 (4th Cir. 1983) (finding joinder under Rule 20(a) "would not enhance judicial economy").

[5] For example, Plaintiffs, in the proposed second amended complaint, allege, "Some Plaintiffs received no payment whatsoever for weeks in which they worked forty or more hours. Some Plaintiffs received checks for less than $150 for weeks in which they worked forty or more hours." Proposed 2d Am. Compl. ¶ 70, ECF No. 35-1. Such an allegation is an example of how each Plaintiff was treated differently under Defendants' pay scheme, suggesting that the transactions or

5

The Fourth Circuit has not weighed in on the relationship between Rule 20(a) and the joinder of plaintiffs in a collective action under § 216(b). The Eleventh Circuit, however, has ruled that the "similarly situated" standard is less stringent than the standard for joinder under Rule 20(a). *Grayson*, 79 F.3d at 1096. Whatever the precise relationship is, this Court is persuaded by *Grayson* and Justice Scalia's dissent in *Hoffman-La Roche* that Rule 20(a) joinder is as—if not more—burdensome than joinder under § 216(b). Given this Court's previous findings, the joinder of eight new plaintiffs would be improper. And, because the addition of the eight new plaintiffs is the only change from the first amended complaint, the Court denies Plaintiffs' motion for leave to file its second amended complaint.[6]

> II. *Defendants' Motions to Strike Portions of the Amended Complaint and to Drop or Sever Plaintiffs' Claims*

In addition to Defendants' opposition to Plaintiffs' motion to amend their complaint a second time, Defendants move under Rule 12(f) of the Federal Rules of Civil Procedure to strike Plaintiffs' collective action allegations in their amended complaint in light of the Court's denial of Plaintiffs' motion for conditional certification. Defendants also move to drop or sever the existing Plaintiffs' claims, citing Rule 20(a). Plaintiffs, however, correctly point out—as the Court noted above—that Defendant Orange Lake[7] failed to respond to Plaintiffs' first motion, which the Court ultimately granted. Plaintiffs argue, in part, that Defendant Orange Lake (as well as Defendant

---

occurrences giving rise to Defendants' liability is not the general practice alleged by Plaintiffs but rather the extent to which Defendants deviated from the pay scheme in compensating each employee, presenting individualized, fact-specific bases.

[6] The Court is aware that it previously granted leave to add three additional plaintiffs; however, Defendants did not respond in opposition to the motion.

[7] Defendant OLCC was not a party to the action prior to this Court's granting of Plaintiffs' initial motion for leave to amend.

OLCC, which is affiliated) cannot now challenge Plaintiffs' amended complaint when neither party responded in opposition to their motion for leave. Pls.' Memo in Opp'n 5-6, ECF No. 51.

On the other hand, Defendants' argument for striking Plaintiffs' collective action allegations in their amended complaint is that "a shadow of uncertainty over this lawsuit . . . will significantly prejudice Defendants going forward." Defs.' Memo. in Supp. 7, ECF No. 47-1.  Specifically, they foresee an attempt by Plaintiffs to renew a motion for conditional certification of a collective action, and accordingly Defendants emphasize the additional burdens they could face.[8]  These arguments (at least Defendant Orange Lake's), however, are untimely due to the lack of a response to Plaintiffs' first motion for leave to amend.  If Defendant Orange Lake was prejudiced now, it was prejudiced then, yet it saw no reason then to respond in opposition to Plaintiffs' motion.  The Court, of course, is cognizant of the fact Defendant OLCC was not a party until the Court granted leave to amend, but the fact changes nothing.  As this Court noted in its July 12, 2012 order, its denial of Plaintiffs' motion for conditional certification only concerned their overtime pay claim, their only claim in the initial complaint, and did "not affect Plaintiffs' minimum wage claim," which was added by the first amended complaint.[9] July 12, 2012 Order 10 n.8.  In short, the Court, having not yet ruled on whether Plaintiffs can pursue a collective action for Defendants' failure to pay them a minimum wage, finds no basis to strike Plaintiffs' collective action allegations and effectively

---

[8] To support their argument that they are prejudiced, Defendants incorrectly highlight that, "After the Court's July 12 Order, this lawsuit became a lawsuit by four individuals seeking overtime compensation allegedly from Defendant." Defs.' Memo. in Supp. 6.  In fact, this Court's order added three new Plaintiffs, bringing the total to seven.  Considering the Court's denial of Plaintiffs' second motion to amend and add eight new plaintiffs, the Court sees no undue prejudice. Defendants are in the same boat they were in before because of their failure to file a response to Plaintiffs' first motion to amend.

[9] Pursuant to the scheduling order issued August 23, 2012, the deadline for filing motions to amend was December 11, 2012. Scheduling Order 1, ECF No. 46.  Accordingly, the parties are barred from amending their pleadings.

7

determine the merits of the conditional certification of a collective action involving Plaintiffs' second claim for minimum wages.[10]

As for Defendants' motion to drop or sever, the Court sees no need to rule on the merits of the motion at this time. Defendants argue that all seven of the existing Plaintiffs "have been misjoined and should either be disposed from the case or severed into separate lawsuits." Defs.' Memo. in Supp. 8. Indeed, misjoinder of parties is not a basis for dismissal. Fed. R. Civ. P. 21. However, while severance may be technically proper, the Court notes that the overlap of some factual and legal questions warrants consolidation of the claims for discovery and trial purposes under Rule 42(a) of the Federal Rules of Civil Procedure to avoid unnecessary costs and for the sake of judicial economy. As such, severance of Plaintiffs' claims would simply lead the Court to *sua sponte* direct the Clerk of Court to assign each existing Plaintiff a separate docket number and then order consolidation of the case for discovery and trial purposes. This procedural posture would really be no different than the manner in which the case is presently proceeding, with the seven Plaintiffs joined in one action rather than seven separate lawsuits consolidated for discovery and trial purposes.[11] Therefore, the Court, at this time, denies Defendants' motion to drop or sever *without prejudice* in light of its reasoning concerning consolidation. Should Defendants still wish to pursue severance in light of the Court's position on consolidation, they may renew their motion.[12]

---

[10] The Court, however, notes that it has already found Plaintiffs failed to show the putative class of opt-in plaintiffs were sufficiently "similarly situated" to justify conditional certification of a collective action involving Plaintiffs' claim for overtime pay.

[11] The lack of prejudice to the parties begs the Court's reference to the oft-cited, "overriding rule of civil procedure" in South Carolina that "[w]hatever doesn't make any difference, doesn't matter." *McCall v. Finley*, 362 S.E.2d 26, 28 (S.C. Ct. App. 1987) (Sanders, C.J.).

[12] The Court may also sever misjoined parties and consolidate them *sua sponte*. Fed. Rs. Civ. P. 21, 42(a); *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 447 (4th Cir. 1999) (acknowledging that a district court has the authority to consolidate actions *sua sponte* under Rule 42(a)).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for leave to amend their complaint be **DENIED**, that Defendants' motion to strike portions of Plaintiffs' amended complaint be **DENIED**, and that Defendants' motion to drop or sever Plaintiffs' claims be **DENIED** *without prejudice*.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

February 8, 2013
Florence, South Carolina